UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD J. JABLONSKI,

    Plaintiff,

v.                              Case No:   2:15-cv-365-FtM-38CM

THE TRAVELERS COMPANIES, INC.,

    Defendant.

## ORDER

Before the Court are Plaintiff's Affidavit of Indigency, construed as a Motion for Leave to Proceed *in forma pauperis* (Doc. 26), filed on September 25, 2015, and Defendant's Unopposed Motion to Compel Plaintiff's Initial Disclosures (Doc. 27), filed on October 1, 2015. For the reasons set forth below, Plaintiff's Affidavit of Indigency, construed as a Motion for Leave to Proceed *in forma pauperis* is denied, and Defendant's Unopposed Motion to Compel Plaintiff's Initial Disclosures is granted.

Plaintiff requests leave to proceed *in forma pauperis* in this case without the prepayment of the filing fees and costs pursuant to 28 U.S.C. § 1915. Doc. 26. An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). When considering a motion filed pursuant to 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court .... is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305,

1307 (11th Cir. 2004). A person need not be "absolutely destitute" or reduce herself to a public charge in order to proceed in *forma pauperis*; rather "an affidavit will be held sufficient if it represents that the litigant, because of [his] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [himself] and [his] dependents." *Id.*

Here, however, the case was removed by Defendant from circuit court in Lee County, Florida to this Court. Doc. 1. Accordingly, Defendant paid the requisite filing fee when it chose to have this case litigated in this Court rather than the state court. Doc. 1. Consequently, Plaintiff is not responsible for the filing fee, and his motion to proceed *in forma pauperis* is denied.

Defendant also filed an Unopposed Motion to Compel Plaintiff's Initial Disclosures. Doc. 27. Although the motion is filed as unopposed, it appears that Plaintiff filed a response on October 2, 2015. Doc. 29. The response seems to address Defendant's initial disclosures but not the merits of the motion to compel. *Id.* The response, however, also includes several documents attached to it that appear to be discovery. To the extent that Plaintiff has not provided these documents to Defendant, Plaintiff is ordered to do so. Also, to the extent that these documents are not Plaintiff's initial disclosures, Plaintiff is ordered to provide his initial disclosures to Defendant. Accordingly, Defendant's Motion to Compel is granted. Plaintiff shall have up to and including **October 30, 2015** to provide his initial disclosures to Defendant or, to the extent necessary, supplement any disclosures he previously produced.

The Court also strongly urges Plaintiff to retain counsel. In the event he is unable to do so, before preparing any further pleadings, Plaintiff is encouraged to visit the "Proceeding Without a Lawyer" section of this Court's website at www.flmd.uscourts.gov. The website includes tips, frequently asked questions, sample forms, and a "Guide for Proceeding Without a Lawyer." Plaintiff is informed that if he chooses to proceed *pro se*, it is mandatory that he proceed in accordance with Federal and Local Rules. *Loren v Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (noting that despite certain leniency afforded *pro se* parties, they must follow procedures). Failure to comply with the Court's Orders or the Federal or Local Rules could result in the Court recommending that his case be dismissed.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Affidavit of Indigency, construed as a Motion for Leave to Proceed *in forma pauperis* (Doc. 26) is **DENIED**.

2. Defendant's Unopposed Motion to Compel Plaintiff's Initial Disclosures (Doc. 27) is **GRANTED**. Plaintiff shall have up to and including **October 30, 2015** to provide his initial disclosures to Defendant or, to the extent necessary, supplement any disclosures he previously produced.

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of October, 2015.

*/s/ Carol Mirando*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Pro se parties