## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

EDWARD J. JABLONSKI,

      Plaintiff,

v.                              Case No:   2:15-cv-365-FtM-38CM

THE TRAVELERS COMPANIES,
INC.,

      Defendant.

_____

### ORDER

Before the Court is Plaintiff, Edward Jablonski's, Motion for Extension of 90 Days (Doc. 45), filed on December 18, 2015.   Defendant opposes the request.   Doc. 46.   For the reasons set forth below, Plaintiff's motion is granted in part.

It appears that Plaintiff, *pro se*, seeks a 90-day extension to respond to Defendant's Motion to Strike Plaintiff's Amended Complaint or Alternatively, Motion to Dismiss Plaintiff's Amended Complaint with Prejudice (Doc. 37).   Doc. 45 at 4. As grounds, Plaintiff states that he is suffering from numerous medical issues, his computer died and he is attempting to get an attorney.   *Id.* at 4-6.

Defendant opposes the extension because it claims that Plaintiff's claim was already settled and it is unlikely that Plaintiff will retain counsel.   Doc.  46 at 1-4. Defendant contends that Plaintiff has been searching for an attorney for over two years and it is not likely that Plaintiff will retain counsel any time soon. *Id.* at 4.

On December 3, 2015, U.S. District Judge Sheri Polster Chappell accepted Plaintiff's Amended Complaint (Doc. 35) due to Plaintiff's *pro se* status and allowed

Plaintiff up to and including December 18, 2015 to respond to Defendant's motion to dismiss (Doc. 37).   Doc. 44.   Judge Chappell cautioned Plaintiff that, "despite his *pro se* status, it is mandatory that he participate and cooperate in discovery, comply with the deadlines established in the Court's Scheduling Order, respond properly to motion, and proceed in accordance with the Federal and Local Rules."   *Id.* at 2 (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

The Court notes that Plaintiff, in the present motion, failed to comply with Local Rule 3.01(g).   Local Rule 3.01(g) requires that each motion filed in a civil case, with certain enumerated exceptions not at issue here, contain a statement "stating whether counsel agree on the resolution of the motion."   Plaintiff previously has been reminded of the requirement in Local Rule 3.01(g).   Doc. 40.   Plaintiff's continued failure to comply with the local and federal rules may result in sanctions.

As to Plaintiff's request for an additional 90 days to respond to Defendant's motion to dismiss, the Court finds that the time period requested is excessive and is not inclined to grant a 90-day extension.   The Court will allow Plaintiff up to and including **January 8, 2016** to respond to Defendant's motions to dismiss.

The Court also encourages Plaintiff to retain a lawyer.   Should Plaintiff continue to proceed *pro se*, the Court reminds Plaintiff that before preparing any further pleadings, Plaintiff is encouraged to visit the "Proceeding Without a Lawyer" section of this Court's website at www.flmd.uscourts.gov. The website includes tips, frequently asked questions, sample forms, and a "Guide for Proceeding Without a Lawyer."   Plaintiff is informed that if he chooses to proceed *pro se*, it is mandatory

that he proceed in accordance with Federal and Local Rules. *Loren v Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (noting that despite certain leniency afforded *pro se* parties, they must follow procedures).

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff, Edward Jablonski's, Motion for Extension of 90 Days (Doc. 45) is **GRANTED in part**. Plaintiff shall have up to and including **January 8, 2016** to respond to Defendant's Motion to Strike Plaintiff's Amended Complaint or Alternatively, Motion to Dismiss Plaintiff's Amended Complaint with Prejudice (Doc. 37).

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of December, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record