UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD J. JABLONSKI,

    Plaintiff,

v.                              Case No:  2:15-cv-365-FtM-38CM

THE TRAVELERS COMPANIES, INC.,

    Defendant.
_____/

### **ORDER**[1]

This matter comes before the Court upon Defendant, The Travelers Companies, Inc.'s Motion to Strike Plaintiff's Amended Complaint or Alternatively, Motion to Dismiss Plaintiff's Amended Complaint with Prejudice or Alternatively Motion for a More Definite Statement (Doc. #37) filed on November 12, 2015.  Plaintiff filed a response in opposition (Doc. #48) on January 8, 2016.  This matter is ripe for review.

The Amended Complaint (Doc. #2) was originally filed in the Twentieth Judicial Circuit, in and for Lee County Florida on June 2, 2015.  On June 19, 2015, Defendants filed a Notice of Removal (Doc. #1) and this action was removed on the basis of diversity jurisdiction.  Plaintiff filed an Amended Complaint (Doc. #35), on October 30, 2015, without leave of Court, however, the Court allowed the Amended Compliant due to

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Plaintiff's *pro se* status. ([Doc. #44](Doc. #44).) Defendant seeks to dismiss the Amended Complaint because it is vague, incoherent, and incomprehensible, and fails to satisfy the Federal Rules of Civil Procedure.

Upon review of the Amended Complaint, the Court agrees with Defendant to the extent the Amended Complaint does not comply with the Local Rules of the District or the Federal Rules of Civil Procedure. The factual allegations in the Amended Complaint are a jumble of statements and although Plaintiff attempts to allege eight counts against Defendant, it is unclear what misconduct is being alleged against Defendant and on what legal basis. As such, the Amended Complaint fails to give Defendant fair notice of what claims are being alleged against it. Therefore, the Court will grant Defendant's Motion to Dismiss the Amended Complaint to the extent that the Amended Complaint is dismissed without prejudice.[2] Because the Court's dismissal of the Amended Complaint is without prejudice, the Court will grant leave for Plaintiff to file a Second Amended Complaint.

## *Discussion*

In ruling on a motion to dismiss, the Court "must accept the allegations set forth in the complaint as true." *Lotierzo v. Woman's World Med. Ctr., Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002). Nonetheless, the plaintiff must still meet some minimal pleading requirements. *Jackson v. Bellsouth Telecomm.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* at 555; *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

---

[2] The Motion to Dismiss will be denied to the extent that Defendant seeks dismissal of the Amended Complaint with prejudice. Due to Plaintiff's *pro se* status, the Court will allow Plaintiff an opportunity to file a Second Amended Complaint that complies with the Local Rules and the Federal Rules of Civil Procedure.

Although the pleading standard announced in Fed. R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (citing *Ascroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. *Sinaltrainal*, 578 F.3d at 1268 (citing *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)). The facts as pled must state a claim for relief that is plausible on its face. *Sinaltrainal*, 578 F.3d at 1268 (citing *Iqbal*, 129 S. Ct. at 1950).

In the event that Plaintiff raises allegations of fraud in the Amended Complaint, Plaintiff is cautioned that circumstances constituting fraud must be stated with particularity. *See* Fed. R. Civ. P. 9(b). The Eleventh Circuit Court of Appeals has held that: "Allegations of date, time, or place satisfy the Rule 9(b) requirement that the circumstances of the alleged fraud must be pleaded with particularity, but alternative means are also available to satisfy the rule." *Id.* (citing *Durham v. Business Management Associates*, 847 F.2d 1505, 1512 (11th Cir. 1988)). Rule 9(b) requires that allegations of fraud include: (1) precisely what [false or fraudulent] statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making or, in the case of omissions, not making same, and (3) the content of such statements and the manner in which they misled the Plaintiff, and (4) what the defendants obtained as a consequence of the fraud. *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997).

Plaintiff's Amended Complaint fails to meet any of the standards outlined in Rule 8 or Rule 9.  The Amended Complaint is deficient in facts, law, and actual claims for relief necessary to be considered a proper pleading in Federal Court.  While the Court acknowledges that *pro se* pleadings are construed more liberally than those drafted by an attorney, Plaintiff is, nevertheless, required to follow the "minimum pleading standards" set forth in the Federal Rules of Civil Procedure.  *See Dismuke v. Florida Bd. of Governors*, Case no. 8:05CV340T17TBM, 2005 WL 1668895, at *4 (M.D. Fla. July 8, 2005).  However, in light of Plaintiff's *pro se* status, the Court will provide Plaintiff with a final opportunity to file a Second Amended Complaint in conjunction with the instructions provided below.  In addition, the Court strongly encourages Plaintiff to retain legal counsel.

### *Instructions for Proceeding Pro Se*

To assist Plaintiff in amending his Complaint for a second time, the Court will provide Plaintiff with some information about proceeding *pro se*.  The Court will inform Plaintiff of some, but not all, procedural rules with which he must comply with in this legal proceeding.  The Court reminds Plaintiff of these obligations because *pro se* litigants are subject to the same law and rules as litigants who are represented by counsel, including the Federal Rules of Civil Procedure ("Rule(s)"), and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rule(s)").[3]  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

---

[3] All filings with the Court must be made in accordance with the Rules and Local Rules.  The Local Rules are available for review on the Court's website at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's Office.  The Rules are available for review in law libraries of the state and federal courthouses.

All pleadings and other papers tendered to the Court must be typewritten, double-spaced, in at least twelve-point type, on unglazed white 8 ½ x 11 paper, and with 1 ¼ inch margins. *See* M.D. Fla. Local Rule 1.05(a). Pursuant to Rules 8(a)(2) and 10(b), the Amended Complaint shall set forth separate causes of action in numbered counts against specific defendants and contain "a short and plain statement" of Plaintiff's claims demonstrating that Plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2), 10(b). In particular, Plaintiff should describe in sufficient detail the factual basis for each of his claims and how each defendant is responsible.

Plaintiff shall not correspond with the Court or any Judge in letter form. In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, Judges will only deliver decisions and opinions in response to documents filed with the Clerk's Office in accordance with the governing rules of procedure. Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party.

All documents filed with the Court must be in the form of a pleading or motion. *See* Fed. R. Civ. P. 7(a)-(b). Each pleading, motion, notice, or other paper shall be presented in a separate document. In addition, all documents filed with the Court must include a caption (the same as set forth in the operative complaint); a brief title that describes the nature of the document; the filing party's name and signature; and a Certificate of Service. These last two items are explained below.

All pleadings, motions, or other papers filed with the Court by Plaintiff must bear an original signature of Plaintiff, or they will be rejected by the Court. Among other things, the signature serves as the party's certification that the document is not submitted for any

improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. *See* Fed. R. Civ. P. 11(b). Plaintiff is advised to review and become familiar with Rule 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines. *See generally* Fed. R. Civ. P. 11.

All pleadings, motions, or other papers filed with the Court must include a signed Certificate of Service. The Certificate of Service is confirmation that the filing party has complied with the requirement of Rule 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (*e.g.,* U.S. Mail or hand delivery). Fed. R. Civ. P. 5.

All requests for relief from, or action by, the Court must be in the form of a motion. *See* Fed. R. Civ. P. 7(b). If Plaintiff seeks any relief from, or action by, the Court, or seeks the entry of an order of any kind, he must file a proper motion requesting that relief. The motion must meet the requirements of all applicable rules, including the Rules and the Local Rules. All motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested. See M.D. Fla. Local Rule 3.01(a). Motions and memoranda cannot exceed 25 pages without permission from the Court. *See* id.

Further, Plaintiff is advised that prior to filing most motions, Local Rule 3.01(g) requires that the filing party confer with opposing counsel in a good faith attempt to resolve the issue. Plaintiff must include a certification in the motion that he has complied with this

requirement and shall also notify the Court whether the parties agree on the relief requested. Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court. Failure to comply with these requirements or any other rule may result in the denial of the motion.

Plaintiff must abide by and comply with all orders of this Court. Failure to do so may result in sanctions, including the striking of pleadings.

Local Rule 3.01(b) requires briefs and legal memoranda in opposition to motions to be filed within 14-days after being served with such motion. Plaintiff must timely respond to the motions filed by other parties in this case, otherwise, the Court may assume he does not oppose that motion and the relief requested therein. If Plaintiff has missed a filing deadline, Plaintiff must file a motion seeking leave of Court to file the document out of time.

Plaintiff is advised that he must comply with many requirements and failure to do so can have significant consequences. For example, failure to respond to discovery requests as described in the rules may result in sanctions. *See* Fed. R. Civ. P. 37.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all requirements and should not be relied upon as limiting Plaintiff's duties and obligations. Plaintiff is directed to the Court's website at http://www.flmd.uscourts.gov. There is a section titled Proceeding without a Lawyer with additional helpful information.

Accordingly, it is now

**ORDERED:**

1. Defendant, The Travelers Companies, Inc.'s Motion to Strike Plaintiff's Amended Complaint or Alternatively, Motion to Dismiss Plaintiff's Amended Complaint with Prejudice or Alternatively Motion for a More Definite Statement ([Doc. #37](Doc. #37)) is **GRANTED in part and DENIED in part**. The motion is granted to the extent that the Amended Complaint is dismissed without prejudice and otherwise denied.

2. Plaintiff shall file a Second Amended Complaint consistent with the directives of this Order on or before **March 7, 2016. Failure to comply with this Order will result in the dismissal of this action without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of February, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE


Copies:  All Parties of Record