UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD J. JABLONSKI,

    Plaintiff,

v.                                        Case No:   2:15-cv-365-FtM-38CM

THE TRAVELERS COMPANIES, INC.,

    Defendant.
_____/

### **ORDER**[1]

This matter comes before the Court on the Defendant Travelers Companies, Inc.'s Motion to Strike Plaintiff's Third Amended Complaints (Doc. ## 79 and 91) (Doc. #94) filed on September 30, 2016.  No response was filed by the Plaintiff and none is needed to resolve the issue presented in the Motion.

On June 14, 2016, the Court granted Traveler's Motion to Dismiss (Doc. #76) with prejudice.  The Clerk of the Court subsequently entered a final judgment on June 15, 2016.  Plaintiff has also filed two Motions to reopen the case—both of which were denied.  Since then Plaintiff has filed two Third Amended Complaints (Doc. #79, 91).  Travelers now moves the Court to Strike the Third Amended Complaints.

Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

stricken from a pleading. Harvey v. Home Depot U.S.A., Inc., 2005 WL 1421170 (M.D. Fla. June 17, 2005).  In evaluating a motion to strike, the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002).  A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Harvey, 2005 WL 1421170 (citing Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1997).

In this instance, Plaintiff's claims have been dismissed with prejudice and the Court has denied Plaintiff's motions to reopen the case.  Plaintiff's Third Amended Complaints would cause extreme prejudice to Travelers because they allege claims against Travelers that have already been dismissed with prejudice.  As such, good cause exists to strike Plaintiff's Third Amended Complaints from the record.

Accordingly, it is now

**ORDERED:**

The Defendant Travelers Companies, Inc.'s Motion to Strike Plaintiff's Third Amended Complaints (Doc. ## 79 and 91) (Doc. #94) is **GRANTED**.  The Clerk of the Court is directed to **STRIKE** (Doc. ##79 and 91) from the record and remove them from the docket sheet.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of October, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

2